

FILED
CLERK, U.S. DISTRICT COURT
5/23/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CDO___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2023 Grand Jury

| UNITED STATES OF AMERICA, | ED CR No. 5:24-cr-00136-RGK |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), (b)(1)(B)(viii), (b)(1)(C): Possession with Intent to Distribute Methamphetamine, Heroin, and Fentanyl; 28 U.S.C. § 853: Criminal Forfeiture] |
| MAURICIO HERNANDEZ ESTRADA, aka "Silent," | |
| Defendant. | |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii)]

On or about December 7, 2023, in Riverside County, within the Central District of California, defendant MAURICIO HERNANDEZ ESTRADA, also known as "Silent," knowingly and intentionally possessed with intent to distribute at least five grams, that is, approximately 12.38 grams, of methamphetamine, a Schedule II controlled substance.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about December 7, 2023, in Riverside County, within the Central District of California, defendant MAURICIO HERNANDEZ ESTRADA, also known as "Silent," knowingly and intentionally possessed with intent to distribute heroin, a Schedule I narcotic drug controlled substance.

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about January 18, 2024, in Riverside County, within the Central District of California, defendant MAURICIO HERNANDEZ ESTRADA, also known as "Silent," knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 107.6 grams, of methamphetamine, a Schedule II controlled substance.

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about January 18, 2024, in Riverside County, within the Central District of California, defendant MAURICIO HERNANDEZ ESTRADA, also known as "Silent," knowingly and intentionally possessed with intent to distribute N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl]propenamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about February 13, 2024, in Riverside County, within the Central District of California, defendant MAURICIO HERNANDEZ ESTRADA, also known as "Silent," knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 58.4 grams, of methamphetamine, a Schedule II controlled substance.

COUNT SIX

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about February 13, 2024, in Riverside County, within the Central District of California, defendant MAURICIO HERNANDEZ ESTRADA, also known as "Silent," knowingly and intentionally possessed with intent to distribute N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT SEVEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about February 13, 2024, in Riverside County, within the Central District of California, defendant MAURICIO HERNANDEZ ESTRADA, also known as "Silent," knowingly and intentionally possessed with intent to distribute heroin, a Schedule I narcotic drug controlled substance.

FORFEITURE ALLEGATION

[21 U.S.C. § 853]

1.  Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, in the event of the defendant's conviction of the offenses set forth in any of Counts One through Seven of this Indictment.

2.  The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a)  All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

    (b)  All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense; and

    (c)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.  Pursuant to Title 21, United States Code, Section 853(p), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished

in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

IAN V. YANNIELLO
Assistant United States Attorney
Chief, General Crimes Section

BENEDETTO L. BALDING
Assistant United States Attorney
Deputy Chief, General Crimes Section

JEREMY K. BEECHER
Assistant United States Attorney
General Crimes Section